**DAVID E. MAAS, NORMAN D. MEADOWCROFT and JOAN A. MEADOWCROFT, Plaintiffs**

**v.**

**CABRITE POINT CONDOMINIUM ASSOCIATION and THE GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 96-1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 3, 1992

THOMAS K. MOORE (GRUNERT, STOUT, MOORE & BRUCH), St. Thomas, V.I., *for Cross-Claimant Cabrite Point Condominium Association*

VICTOR G. SCHNEIDER, Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for Cross-Defendant Government of the Virgin Islands*

HODGE, *Presiding Judge*

## DECLARATORY JUDGMENT

The question presented in this case is whether unbuilt and unconveyed condominium units together with their associated percentage interests in the common areas and facilities constitute separate taxable units under the Condominium Act and the Real Property Tax laws of the U.S. Virgin Islands? For the reasons which follow the court answers the question in the affirmative, and will order the Government to issue separate tax bills for each unbuilt unit and to void the Certificates of Attachment filed against the original Parcels dedicated under the Condominium Declaration.

In these cross-motions for Summary Judgment by the two remaining litigants in this action,[1] Cabrite Point Condominium Association (Cabrite Point) as defendant/cross-claimant and the Government of the Virgin Islands (Government) as defendant/cross-defendant, the Government, through its Office of Tax Assessor, refused to issue separate property tax bills for each unbuilt and unconveyed condominium unit at Cabrite Point Condominiums owned by the developer and sponsor of the condominium, Cabrite Development Co. ("Sponsor"). Instead, the Government issued property tax bills against the Parcels of land which were dedicated under the Condominium Declaration.

## UNDISPUTED FACTS

1. On or about January 10, 1980 Cabrite Development Co., as sponsor, submitted Parcels Nos. 6A, 6B & 6C Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, Virgin Islands, to the Condominium Act of the Virgin Islands (Chapter 33 of Title 28, Virgin Islands Code, as amended) ("Act") by recording the required Declaration at the Office of the Recorder of Deeds for St. Thomas and St. John. Upon the recordation of this Declaration, a "horizontal property regime with respect to" Parcels Nos. 6A, 6B & 6C Estate Nazareth was created by the sponsor under the name of "Cabrite Point Condominiums." This condominium consisted of twenty separate condominium apartment units to be built within ten proposed residential buildings.

2. As of April 1980, and continuing until today, only fourteen of the twenty condominium units originally established by the Declaration have been constructed and conveyed by the sponsor to individual third-party unit owners.

3. The 1980 property tax day in the Virgin Islands was January 15, 1980, and beginning with the real property tax bill for calendar year 1980, the Government has issued fourteen separate property tax bills to the individual unit owners of those condominium apartments which have been constructed, but has refused to issue separate bills for the unbuilt units.

---

[1] The original plaintiffs, David E. Maas, Norman D. Meadowcroft and Joan A. Meadowcroft were dismissed by Order of this Court based upon a Stipulation of Partial Settlement among the parties dated September 17, 1984, leaving only before the court the dispute between Cabrite Point and the Government.

4. Instead, the Tax Assessor has sent one tax bill to the Sponsor for all of the unbuilt condominium units of Cabrite Point Condominium, which bills describe the property being assessed as "6A Nazareth," an original parcel dedicated to the Condominium.

5. On June 8, 1984, the Government caused to be recorded at the Office of the Recorder of Deeds Certificates of Attachments against parcels Nos. 6B and 6C Estate Nazareth for 1980 real property taxes, both parcels being part of the original real property dedicated to the Condominium.

6. An Amendment to the Declaration dated as of December 31, 1987 was recorded at the Office of the Recorder of Deeds on February 1, 1988. This Amendment, made pursuant to unanimous consent of all apartment unit owners and executed by the Sponsor and Cabrite Point reduced the total number of units established by the Declaration from twenty to eighteen.

7. The six unbuilt units from 1980 through December 31, 1987,[2] have been reduced to four unbuilt units from January 1, 1988 to this date,[3] and are owned by the Sponsor, Cabrite Development Co.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the dispute and personal jurisdiction over the parties.

2. Upon the recording of the Declaration on January 10, 1980, a "horizontal property regime" was created with respect to Parcels Nos. 6A, 6B & 6C Estate Nazareth. 28 V.I.C. Section 902. Each Condominium apartment unit, built or unbuilt, created by the recording of this Declaration, together with its undivided interest in, the common areas and facilities, thereafter constituted real property for all purposes, including property taxes, which may be separately conveyed, encumbered, leased or otherwise disposed of, and separate title to each such unit is recordable at the Office of the Recorder of Deeds. 28 V.I.C. Section 903(a).

3. As of the recording of the Declaration in January of 1980, each apartment condominium unit defined in the Declaration, and its associated percentage of undivided interest in the common areas and facilities, became a separate property tax parcel subject to separate assessment and taxation by the Tax Assessor. 28 V.I.C. Section 921.

---

[2] Units 38A, 28B, 41A, 41B, 42A and 42B.
[3] Units 38A, 38B, 41 and 42.

117

4. The Tax Assessor was and is required to assess and bill each separate Condominium Apartment Unit at Cabrite Point, built or unbuilt, beginning with calendar year 1980, the year in which the Declaration was recorded. 33 V.I.C. Section 2403 and 28 V.I.C. Section 921.

5. For purposes of Property Tax Assessment and billing, the Condominium Act of the Virgin Islands does not distinguish between a Condominium Apartment Unit which has been completed and a unit whose construction has not yet begun. 28 V.I.C. Section 904.

6. As soon as the underlying land, Parcels Nos. 6A, 6B & 6C Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, Virgin Islands, was subjected to the Condominium Act of the Virgin Islands by the recordation of the Declaration on January 10, 1980, these parcels of land lost their separate identities as parcels of real property for assessment and levy. No lien could thereafter arise or be effective against such dedicated parcels. 28 V.I.C. Section 908(a).

7. The Tax Assessor may not assess, bill, attach, levy upon, or sell as separate parcels, the land identified as Parcels Nos. 6A, 6B and 6C Estate Nazareth so long as that property remains subject to the Condominium Act of the Virgin Islands.

Based on the foregoing there are no genuine issues of material fact and Cabrite Point is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. The premises considered, it is therefore,

ORDERED, ADJUDGED and DECLARED that the unbuilt and unconveyed apartment Condominium Units owned by Cabrite Development Co., the developer and sponsor of Cabrite Point Condominiums, and their appurtenant undivided percentage interest in the common areas and facilities constitute taxable parcels Subtitle 2 of Title 33, Virgin Islands Code for purposes of real property taxes; it is further,

ORDERED, ADJUDGED and DECLARED, that Parcels Nos. 6A, 6B and 6C Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, Virgin Islands, and the buildings, improvements and appurtenances thereon comprising the common areas and facilities of Cabrite Point Condominiums, do not constitute taxable parcels under Subtitle 2 of Title 33, Virgin Islands Code for purposes of real property taxes; it is further,

ORDERED, ADJUDGED and DECREED, that the Government of the Virgin Islands shall forthwith issue separate property tax bills

to Cabrite Development Co. for each unbuilt Condominium Unit at Cabrite Point Condominiums; namely, Units 38A, 38B, 41 and 42 from the tax year of 1980 and each succeeding year thereafter; it is further,

ORDERED, ADJUDGED and DECREED that the Certificates of Attachment dated June 8, 1984 and recorded against Parcels Nos. 6B and 6C Estate Nazareth for real property taxes are NULL AND VOID and are hereby VACATED; and it is further,

ORDERED, that Cabrite Point shall be awarded its costs and a contribution toward its Attorney's fees upon submission to the court of appropriate affidavit(s).